IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HELSINN HEALTHCARE S.A. and ROCHE PALO ALTO LLC,

Plaintiffs,

v.

EXELA PHARMA SCIENCES, LLC, EXELA PHARMSCI, INC. and EXELA HOLDINGS, INC.,

Defendants.

C.A. No. 14-1444 (GMS)

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF EXELA PHARMA SCIENCES, LLC, EXELA PHARMSCI, INC., AND EXELA HOLDINGS, INC.**

1. Plaintiffs Helsinn Healthcare S.A. ("Helsinn") and Roche Palo Alto LLC ("Roche") (collectively, "Plaintiffs") hereby answer the numbered paragraphs of the counterclaims of Defendants Exela Pharma Sciences, LLC, Exela PharmSci, Inc., and Exela Holdings, Inc. (collectively, "Exela" or "Defendants") set forth in Exela's "Answer, Defenses and Counterclaims" filed on December 23, 2014 (D.I. 11), as follows:

2. Based upon information and belief, Plaintiffs admit the allegations set forth in paragraph 2.

3. Based upon information and belief, Plaintiffs admit the allegations set forth in paragraph 3.

4. Based upon information and belief, Plaintiffs admit the allegations set forth in paragraph 4.

5. Plaintiffs admit that Helsinn is a Swiss corporation having its principal place of business at Via Pian Scairolo, 9, CH-6912 Lugano-Pazzallo, Switzerland.

6. Plaintiffs admit that Roche is a Delaware corporation having its principal place of business at One DNA Way, South San Francisco, California 94080-4990.

7. Plaintiffs admit that Exela has asserted counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, but deny that Exela is entitled to any such relief.

8. Plaintiffs admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 for purposes of this action only.

9. Plaintiffs do not contest personal jurisdiction in this Court for purposes of this action only and otherwise deny the allegations set forth in paragraph 9.

10. Plaintiffs do not contest venue in this Court for purposes of this action only and otherwise deny the allegations set forth in paragraph 10.

11. Plaintiffs admit that the ’094, ’219, ’218, ’981, ’424, ’725, and ’724 patents are listed in the Orange Book in connection with the palonosetron hydrochloride intravenous solutions currently marketed as Aloxi®.

12. Plaintiffs admit that Helsinn is the current owner of New Drug Application (“NDA”) No. 21-372, which was approved in 2003 by the Food and Drug Administration (“FDA”) in connection with the palonosetron hydrochloride intravenous solutions currently marketed as Aloxi®.

13. Paragraph 13 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

14. Paragraph 14 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

15. Paragraph 15 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

16. Paragraph 16 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

17. Paragraph 17 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

18. Paragraph 18 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

19. Paragraph 19 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

20. Paragraph 20 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

21. Paragraph 21 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

22. Paragraph 22 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

23. Paragraph 23 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

24. Paragraph 24 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

25. Paragraph 25 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate).

26. Paragraph 26 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate), and is therefore denied.

27. Based upon information and belief, Plaintiffs admit the allegations set forth in paragraph 27.

28. Plaintiffs admit that they received documents concerning Exela's NDA No. 207963 prior to filing the present lawsuit against Exela.

29. Paragraph 29 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate), and is therefore denied.

30. Paragraph 30 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate), and is therefore denied.

31. Paragraph 31 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate), and is therefore denied.

32. Paragraph 32 does not require a response because it does not allege counterclaims, and/or contains conclusions of law (which are incomplete and/or inaccurate), and is therefore denied.

33. Plaintiffs admit the allegations set forth in Paragraph 33.

34. Plaintiffs admit that they did not assert the '094 patent in their Complaint.

35. Plaintiffs admit that they did not assert the '219 patent in their Complaint.

36. Plaintiffs admit that they did not assert the '424 patent in their Complaint.

37. Plaintiffs admit that they did not assert the '725 patent in their Complaint.

38. Plaintiffs admit that they did not assert the '724 patent in their Complaint.

39. Plaintiffs admit that there is an actual and justiciable controversy between Exela and Plaintiffs concerning infringement of the '981 and '218 patents by Exela's proposed

generic palonosetron hydrochloride intravenous solutions. Plaintiffs deny the remaining allegations set forth in paragraph 39.

40. Plaintiffs admit that there is an actual and justiciable controversy between Exela and Plaintiffs concerning infringement of the ’981 and ’218 patents by Exela’s proposed generic palonosetron hydrochloride intravenous solutions. Plaintiffs deny the remaining allegations set forth in paragraph 40.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’981 PATENT**

41. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-40 and incorporate them by reference herein.

42. Plaintiffs deny the allegations set for the in paragraph 42.

43. Plaintiffs deny the allegations set for the in paragraph 43.

44. Plaintiffs deny the allegations set for the in paragraph 44.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’981 PATENT**

45. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-44 and incorporate them by reference herein.

46. Plaintiffs deny the allegations set for the in paragraph 46.

47. Plaintiffs deny the allegations set for the in paragraph 47.

48. Plaintiffs deny the allegations set for the in paragraph 48.

**COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’218 PATENT**

49. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-48 and incorporate them by reference herein.

50. Plaintiffs deny the allegations set for the in paragraph 50.

51. Plaintiffs deny the allegations set for the in paragraph 51.

52. Plaintiffs deny the allegations set for the in paragraph 52.

**COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’218 PATENT**

53. Plaintiffs reassert and reallege their averments set forth above in response to paragraphs 1-52 and incorporate them by reference herein.

54. Plaintiffs deny the allegations set for the in paragraph 54.

55. Plaintiffs deny the allegations set for the in paragraph 55.

56. Plaintiffs deny the allegations set for the in paragraph 56.

**PRAYER FOR RELIEF**

Plaintiffs deny that Exela is entitled to any relief on its counterclaims.

* * *

Plaintiffs deny each and every allegation of the counterclaims not expressly admitted or otherwise responded to above.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs Helsinn Healthcare S.A. and Roche Palo Alto LLC*

OF COUNSEL:

Joseph M. O’Malley, Jr.
Bruce M. Wexler
Eric W. Dittmann
David M. Conca
Gary Ji
Angela C. Ni
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff Helsinn Healthcare S.A.*

Mark E. Waddell
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
(212) 407-4127

*Attorneys for Plaintiff*
*Roche Palo Alto LLC*

January 30, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 30, 2015, upon the following in the manner indicated:

Adam W. Poff, Esquire
Monté T. Squire, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc. and Exela Holdings, Inc.*

*VIA ELECTRONIC MAIL*

C. Edward Polk, Jr., Esquire
POLK & CHINTAPALLI PLLC
42603 Good Hope Lane
Ashburn, VA 20148
*Attorneys for Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc. and Exela Holdings, Inc.*

*VIA ELECTRONIC MAIL*

Satish Chintapalli, Esquire
POLK & CHINTAPALLI PLLC
201 Shannon Oaks Circle
Suite 200
Cary, NC, 27511
*Attorneys for Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc. and Exela Holdings, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)